GULOTTA, Judge
(dissenting).
I dissent from the conclusion reached by the majority that injunctive relief is not the proper remedy in the instant case. It is clear, as pointed out by the majority, that courts cannot restrain the collection of ad valorem taxes. See LSA-R.S. 47-2110. However, plaintiffs do not seek to restrain collection of property taxes. Plaintiffs seek to restrain the Tax Commission and its members from “ordering and compelling” the assessors of the Second and Third Municipal Districts of the City of New Orleans to “alter or change” the tax assessment rolls for 1976 to “reflect the increases in tax assessments recommended by the Orleans Parish Board of Review”. The trial judge issued a preliminary injunction in conformity with plaintiffs’ demand. The City has not been enjoined from doing that which is necessary under the statutes to further the collection of taxes based up¿n assessments made by the assessors on the 1976 assessment rolls.
Furthermore, no contest exists as to the 1976 assessment on improved property in the Second and Third Municipal Districts. *1042 No impediment exists to the collection of property taxes by the City on improved property in the Second and Third Municipal Districts based on the assessments made by the assessors on the 1976 assessment rolls.
As pointed out in the majority opinion, the purpose of LSA — R.S. 47-2110, which prohibits the use of injunctive process to restrain the collection of taxes, is apparent. However, as pointed out hereinabove, neither the suit nor the judgment enjoins the collection of taxes.
Arguably, if plaintiffs had filed suit to mandamus the city to assess taxes based on the assessment rolls as determined by the tax assessors, the mandamus suit would not be subject to the prohibition against injunc-tive relief as set forth in LSA-R.S. 47-2110, because the suit would neither seek injunc-tive relief nor restrain the collection of taxes. Logically, if mandamus were not an objectionable action, a suit for injunctive relief, seeking, in effect, a similar result, would not be objectionable. This is not to say that procedural safeguards can be set aside to obtain a given end. Nevertheless, courts cannot permit an interpretation of procedural statutes to unnecessarily defeat an adjudication of a matter on its merits. Bolding v. Eason Oil Company, 170 So.2d 883 (La.App. 4th Cir. 1965). To do so would be to revert to the archaic common law writ system. Such a result is untenable.
I find no merit further to the argument that plaintiffs will suffer no irreparable injury. The Commission and the Board correctly point out that the amount of the increased assessment can be measured by pecuniary standards. Nevertheless, irreparable injury may result. A taxpayer may be irreparably injured if an unreasonably high assessment is placed on his property, resulting in the taxpayer’s inability to pay taxes based on this high assessment. Conceivably, the taxpayer may simply not be able to pay the tax. Furthermore, in the event that the erroneous assessment is collected by the City, the number of manpower hours expended by City employees in,, refunding the erroneous assessments would result in untold cost to the City and to the taxpayer property owners.
I am of the opinion that this matter should be considered by us on the merits. Accordingly, I respectfully dissent.